UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PETER GEORGACARAKOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 8-430-P-H |
| ) | |
| STATE OF MAINE, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDED DECISION**

Peter Georgacarakos has filed a petition for writ of habeas corpus challenging the 2008 decision of the Maine Superior Court dismissing his petition for state post-conviction relief,[1] as well as the Law Court's quick rebuff of his attempted appeal of that decision.[2] Georgacarakos is a federal prisoner who is currently serving a sentence of imprisonment of 260 months on a 1992 federal conviction from this court on charges of possession with intent to distribute and distribution of cocaine.  United States v. Georgacarakos, 988 F.2d 1289, 1292 (1st Cir. 1993). Upon completion of that sentence, Georgacarakos will begin serving a consecutive sentence of 360 months in federal prison imposed as a result of a murder conviction involving the death of another inmate in 1996.  United States v. Georgacarakos, 138 Fed. Appx. 407, 408 (3d Cir. 2005) (affirming 2004 second degree murder conviction and remanding for resentencing under United States v. Davis, 397 F.3d 173 (3d Cir. 2005), for a determination in light of Booker).

As a preliminary matter, Georgacarakos has neither paid the $5.00 filing fee nor completed an application to proceed *in forma pauperis*.  I now order that petitioner must either pay that filing fee or submit a completed application to proceed *in forma pauperis* by January 16,

---

[1] See June 9, 2008, Order, Doc. No. 1-2.
[2] See July 2008, Order Dismissing Appeal, Doc. No. 1-4.

2009, failing which this Court could elect to dismiss this petition for failure to comply with the court's filing requirements.

Nevertheless, and assuming that Georgacarakos does comply with the filing requirements and is granted leave to proceed *in forma pauperis,* I recommend that the Court dismiss this petition upon preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases, without requiring the Attorney General to file an answer, motion or other response, for the reasons that follow.[3]

Georgacarakos's petition lists two grounds.  In ground one he attacks the 2008 decision of the Superior Court dismissing his petition for state post-conviction review, which he argues was premised on a factual error.  In ground two of his petition Georgacarakos attempts to challenge the underlying 1988 state convictions for burglary and theft, claiming that the State of Maine unlawfully withheld exculpatory evidence at the time he entered his guilty pleas to those charges.  Based upon review of the exhibits Georgacarakos has attached to his petition, it is obvious that he is not entitled to relief in this Court on either ground.

Georgacarakos's attempt to frontally attack his 1988 state convictions almost twenty years after they became final is hopelessly time barred under 28 U.S.C. § 2244(d)(1), the one-year period of limitation.  Additionally, Georgacarakos has not properly exhausted those claims regarding his 1988 convictions in state court under 28 U.S.C. § 2254(b)(1)(A) because Georgacarakos did not satisfy the state jurisdictional prerequisite of showing a "present indirect impediment" under 15 M.R.S.A. § 2124(3)(A), which was necessary in order for him to challenge those convictions in the state court as late as 2008.  As for the reason for Georgacarakos's delay in attacking his 1988 Maine convictions, his petition gives no explanation

---

[3] Rule 4 authorizes dismissal "if it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief."  R. Governing § 2254 Cases U.S. Dist. Cts. 4.

for failing to develop in the state court the factual predicate concerning a claim of withheld exculpatory evidence and he certainly has not suggested the sort of due diligence that would cause this court to hold an evidentiary hearing on the issue pursuant to 28 U.S.C. § 2254(e)(2)(A).[4]

Georgacarakos simply cannot use this proceeding to mount a new attack on his 1988 convictions that has never been brought before the state courts in a procedurally appropriate manner. Moreover, even if he had prevailed in state court, it is unlikely that this court would accord him any relief on the 1992 federal sentence he is presently serving because he failed to exercise due diligence in seeking his state court remedy.

Had Georgacarakos met the state jurisdictional requisite and had he prevailed upon the state to vacate those 1988 convictions in his state post-conviction proceeding, Georgacarakos most probably would not now be entitled to resentencing in this court on his 1992 drug conviction if he were to file a motion to vacate under 28 U.S.C. § 2255. See Johnson v. U.S. 544 U.S. 295, 311 (2005) ("Indeed, even if we moved the burden of diligence ahead to the date of finality of the federal conviction or to AEDPA's effective date two days later, Johnson would still have delayed unreasonably, having waited over 21 months."). The petitioner in Johnson was a federal inmate who successfully persuaded the state court to vacate seven prior convictions that were used in conjunction with his federal sentencing proceeding. The Supreme Court acknowledged that the state court vacatur order was a factual predicate that would restart the

---

[4] Pursuant to 28 U.S.C. § 2254(e)(2)(A):

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
  (A) the claim relies on--
    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable [which has no bearing here]; or
    (ii) *a factual predicate that could not have been previously discovered through the exercise of due diligence*; and . . . .

3

one-year limitation period for filing a motion to vacate, set aside or correct a federal sentence under 28 U.S.C. § 2255(f)(4), subject to the "due diligence" requirement contained in the same provision, but found that Johnson's 21-month delay in bringing the state court action showed a lack of due diligence. Here, Georgacarakos knew in 1992 that his original federal sentence was based in part on the 1988 state court convictions. He apparently did nothing about attacking those state convictions until after his 2004 federal murder conviction when he filed the 2004 state court post-conviction proceeding, which in turn triggered this habeas proceeding.

In ground one of his petition Georgacarakos brings a "timely" challenge to the July 1, 2008, state court decision terminating his attempts to obtain state post-conviction relief *vis-à-vis* the 1988 convictions. However, I cannot identify the federal constitutional ground for Georgacarakos's claim and this court would only have jurisdiction pursuant to § 2254(a) if Georgacarakos claimed that his federal constitutional rights were violated by the state court decision. His complaint appears to be that the state court committed a "factual error" and misapplied 15 M.R.S.A. § 2124(3)(A), because he contends that he can show a "present indirect impediment" created by his state court convictions. That statutory provision is the state jurisdictional prerequisite for post-conviction relief. It is entirely a matter of state law as to how the statutory provision should be interpreted. In a well reasoned opinion, the Superior Court justice determined that the 1988 convictions did not meet the statutory definition of a present indirect impediment because when Georgacarakos's 2004 second degree murder sentence was imposed he had two controlled substance felonies independent of the Maine convictions, a 1990 Massachusetts conviction and the 1992 District of Maine conviction. Thus, Georgacarakos would have been a career offender under 28 U.S.C. § 944(h) in any event. Moreover, his sentence would have been consecutive to the 1992 District of Maine controlled substances

conviction because under United States Sentencing Guideline 5G1.3, the murder was committed while Georgacarakos was serving a term of imprisonment. The Superior Court Justice's conclusion that the 1988 state convictions were not acting as a present indirect impediment in relationship to the 2004 sentence is entirely logical to me.

Georgacarakos claims this analysis flows from a "mistake of fact" because the Superior Court justice failed to grasp that he was still serving his 1992 District of Maine drug conviction in 2004 and, indeed, will not be discharged from that sentence to begin the consecutive 360 month sentence until 2011. Thus, at the time of the 1992 sentence, the Maine convictions did matter as they made him a career offender at that point in time. Based on Georgacarakos's reasoning, the Maine convictions are the present indirect impediment that results in his current incarceration. Were those convictions invalidated, according to Georgacarakos, he would have completed his 1992 drug sentence from this Court many years ago and thus would already be serving his consecutive murder sentence at this point in time. Georgacarakos seems to have forgotten that this court would also have to vacate his 1992 sentence in order for him to obtain any relief regarding the 2004 sentence, a highly improbable outcome in light of the Supreme Court's Johnson decision. Of course, the Superior Court Justice never even considered this argument because Georgacarakos's challenge to the state court convictions *vis-à-vis* his 1992 sentence was subject to a state one-year limitation from the date of the imposition of the sentence for the new crime, pursuant to 15 M.R.S.A. § 2128(6). In order to get by that one-year statute of limitation the Superior Court Justice considered the impact of 1988 convictions on the 2004 second degree murder sentence.

Finally, it should be noted that Georgacarakos failed to properly exhaust his state court remedies after the Superior Court Justice denied his petition for post-conviction relief.

5

Apparently, Georgacarakos filed a conditional notice of appeal in the Superior Court prior to filing a motion to reconsider. Following the Superior Court's denial of the motion to reconsider, Georgacarakos never filed a notice of appeal. The Law Court determined the "conditional notice of appeal" was not an effective notice of appeal and dismissed the attempted appeal, noting that there was no notice of appeal from the motion to reconsider. (See Order Dismissing Appeal, Doc. 1-4.) Even if this dismissal is not an independent and adequate state law ground under the exhaustion doctrine, pursuant to Maine law an appeal from the denial of post-conviction relief is discretionary in any event. 15 M.R.S.A. § 2131(1). If the Law Court had simply denied discretionary review, this court would then turn to the Superior Court decision as the last reasoned decision from the state court. For the reasons discussed above, that decision would pass scrutiny.

## Conclusion

Based upon the foregoing I recommend that the petition be summarily dismissed.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 24, 2008